UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM TRIPP, INDIVIDUALLY AND WILLIAM TRIPP D/B/A TRIPP DESIGN NAVAL ARCHITECTURE<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | Civil Docket No. 1:07-CV-00125-S-LDA |

# ANSWER

Now comes the defendant, Hartford Casualty Insurance Company, and hereby responds to the plaintiff's Complaint as follows:

## Count One

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and calls upon the plaintiff to prove same.

2. The defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and calls upon the plaintiff to prove same.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and calls upon the plaintiff to prove same.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and calls upon the plaintiff to prove same.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and calls upon the plaintiff to prove same.

7. The defendant admits the plaintiff, Tripp Design was designated as an individual on the Declarations page of Policy Number 02 SVA GK6311; however, Tripp Design was named as an insured only with respect to the conduct of a business.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and calls upon the plaintiff to prove same.

9. The defendant admits that William Tripp has requested that the defendant provide coverage to him including indemnity and a defense as an insured under its policy for the claims and the suit; however, defendant properly denied coverage.

10. The defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 does not contain any factual allegations and therefore the defendant can neither admit nor deny the statements contained therein. To the extent that the court reads paragraph 11 as asserting factual allegations, the defendant denies those allegations. .

WHEREFORE, the defendant says that the plaintiff's Complaint against it should be dismissed and that judgment should enter for the defendant, together with its costs.

**Count Two**

1. The defendant incorporates herein by reference its answers to paragraphs 1 through 10 of Count One, and makes that its answer to this paragraph of plaintiff's Complaint.

2. The defendant denies the allegations contained in Count Two, paragraph 2 of the Complaint.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Count Two, paragraph 3 of the Complaint and calls upon the plaintiff to prove same.

WHEREFORE, the defendant says that the plaintiff's Complaint against it should be dismissed and that judgment should enter for the defendant, together with its costs.

**Count Three**

1. The defendant incorporates herein by reference its answers to paragraphs 1 through 10 of Count One and makes that its answer to this paragraph of plaintiff's Complaint.

2. The defendant denies the allegations contained in Count Three, paragraph 2 of the Complaint.

3. The defendant denies the allegations contained in Count Three, paragraph 3 of the Complaint.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Count Three, paragraph 4 of the Complaint and calls upon the plaintiff to prove same.

WHEREFORE, the defendant says that the plaintiff's Complaint against it should be dismissed and that judgment should enter for the defendant, together with its costs.

## AFFIRMATIVE DEFENSES

### First

Coverage is excluded by policy exclusion 1(g) Aircraft, Auto, or Watercraft insofar as the plaintiff has other insurance for "bodily injury" liability.

### Second

Coverage is excluded by policy Exclusion 1(a)(1) Expected or Intended Injury.

### Third

Coverage is excluded by policy exclusion 1(j) Professional Services insofar as this insurance does not apply to "bodily injury" arising out of the rendering or failure to render an professional service.

### Fourth

Coverage is excluded under the endorsement Exclusion – Engineers and Architects professional Liability – Business Liability Coverage Form insofar as this insurance does not apply to "bodily injury" arising out of the rendering or failure to render a professional service.

### Fifth

Coverage is excluded under Section C(1) of the policy because the acts for which insurance is sought did not occur in the conduct of a business of which the plaintiff is the sole owner.

### Sixth

Any penalties, multiple damages, or punitive damages that the Insured is required to pay are not covered.

**Seventh**

Coverage is excluded by the conditions, exclusions, and terms of the policies.

**Eighth**

The action is barred by the statute of limitations.

**Ninth**

The action is barred by the doctrines of estoppel and waiver.

**Tenth**

The complaint fails to state a cause of action upon which relief can be granted.

**Eleventh**

Defendant has not breached any express or implied obligations to the plaintiffs.

**Twelfth**

Defendant has fully complied with the terms of its policies in good faith.

**Thirteenth**

Plaintiff has filed to comply with the terms of the Policy.

DEFENDANT
HARTFORD CASUALTY INSURANCE COMPANY

By its attorneys,

/s/ Kevin C. Cain

Kevin C. Cain - R.I. Bar #3960
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: May 18, 2007

CERTIFICATION

I hereby certify that on May 18, 2007 I served a true and accurate copy of the within Answer to:

Thomas C. Plunkett
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI 02903

/s/ Kevin C. Cain
Kevin C. Cain

658513_1